■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT T. EDWARDS, Appellant. — Appeal by defendant, as limited by his motion, from so much of two sentences of the County Court, Suffolk County (Rohl, J.), both imposed September 28, 1983, as (1) directed that he serve a term of imprisonment of six months and three years' probation upon his conviction of driving while intoxicated, as a misdemeanor, after a plea of guilty, and (2) directed that he serve a term of imprisonment of six months and five years' probation upon his conviction of driving while intoxicated, as a felony, after a plea of guilty, with both sentences to run concurrently.

Sentences modified, on the law, by vacating so much of the sentence for driving while intoxicated, as a misdemeanor, as directed that defendant serve three years' probation, and directing that the term of imprisonment of six months imposed for driving while intoxicated as a felony be served concurrently with and as a condition of the five-year term of probation imposed on that charge. As so modified, sentences affirmed,

insofar as appealed from, and matter remitted to the County Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

Under Superior Court information No. W 2227/83, defendant pleaded guilty to a class E felony, driving while intoxicated. As a result of this conviction, defendant was sentenced to six months in jail plus five years' probation and a $500 fine or 30 days in jail. Defendant's driver's license was also revoked. To the extent that the imposed sentence provides for six months in jail plus five years' probation, we find that the court failed to comply with the terms of Penal Law § 60.01 (2) (d) which states, *inter alia,* that "[i]n any case where the court imposes a sentence of imprisonment * * * not in excess of six months for a felony * * * it may also impose a sentence of probation or conditional discharge * * * *The sentence of imprisonment shall be a condition of and run concurrently with the sentence of probation or conditional discharge*" (emphasis supplied). Thus, the six-month jail sentence imposed under the felony charge herein should properly have been made a condition of and run concurrent with the sentence of probation.

Under indictment No. 1619/82, defendant stands convicted of a misdemeanor, driving while intoxicated, and was sentenced to six months in jail, three years' probation, a $250 fine or 30 days in jail and his license was revoked. Since the sentence imposed was in excess of 60 days' imprisonment, it was improper to impose a sentence of probation as well (*see, People v Ford,* 100 AD2d 561). Mollen, P. J., Titone, Gibbons and Eiber, JJ., concur.